UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA A. MORRIS

C.A. NO. 14-1523

VERSUS

JUDGE SECT. J MAG. 4

TOWN OF INDEPENDENCE
AND MICHAEL RAGUSA

MAG. JUDGE

## COMPLAINT

The Complaint of Patricia A. Morris, an individual of the full age of majority and a resident of Tangipahoa Parish, Louisiana, respectfully represents:

1.

Jurisdiction is founded herein pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. § 1367 granting supplemental jurisdiction over Complainant's state law claims. Venue is proper in this judicial district as the actions complained of and described herein occurred within this judicial district.

2.

The Defendants listed below are justly and truly indebted to Complainant for all sums as are reasonable under the premises, compensatory damages, lost wages and benefits, reinstatement, punitive damages, attorney's fees, all costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief to which Complainant is entitles at law or in equity:

A. Town of Independence (hereinafter "Independence"), whose principal office is at 473 West Railroad Avenue, Independence, Louisiana 70443 and is a political subdivision of the State of Louisiana.

TENDERED FOR FILING

JUN 30 2014

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

B. Michael Ragusa (hereinafter "Mr. Ragusa"), individually and in his official capacity as Mayor of the Town of Independence, a resident of the full age of majority of Independence, Louisiana.

3.

This lawsuit is brought pursuant to 42 U.S.C. §1981; 42 U.S.C. 1983; and Louisiana tort law, La. C.C. art 2315.

4.

In March 2013, Patricia Morris began her employment with the Town of Independence as a clerk in the Water and Sewer Department. Complainant is Black.

5.

At all pertinent times, Complainant was an employee of the Town of Independence within the meaning and intent of federal and Louisiana law. At all pertinent times, the Town of Independence was Complainant's employer within the meaning and intent of federal and Louisiana law.

6.

At all pertinent times, Michael Ragusa was the Mayor of the Town of Independence, was an agent and employee of the Town of Independence, and was Complainant's supervisor with immediate and successively higher authority over Complainant's employment. Michael Ragusa is Caucasian.

7.

On or about October 24, 2013, Complainant was told by Mr. Ragusa that she was being terminated because he had to "cut back on spending" and that there was not enough money in the budget to keep her on payroll. Very shortly thereafter, Mr. Ragusa hired a white male as a superintendent in the Water and Sewer Department, which complainant did not have an opportunity to apply for the position, and later hired a white female in the same position, clerk, that Complainant previously held. Upon information and belief, the white male started within a two week period after Complainant was terminated as a clerk.

8.

The clerk position, that Complainant applied for and was subsequently hired, was advertised as a full time position with benefits. However, Complainant was never given full time hours or benefits. Complainant inquired on several occasions, before her termination, but she never received a reason why she was allowed to work only 3 days a week instead of a full time position.

9.

Complainant was denied opportunities for additional training and experience. Complainant requested on several occasions to learn how to operate other areas of the Clerk's office, but was continually denied the opportunity to do so.

10.

Complainant had no reprimands, write ups, or disciplinary procedures against her as a clerk with the Town of Independence.

## COUNT 1

11.

In terminating Complainant on the basis of her race and in failing to allow Complainant to work full time hours and to receive benefits per the hiring agreement, which in turn may be considered a form of demotion and otherwise unfair treating Complainant on the basis of her race, Defendants violated Plaintiff's civil rights under 42 U.S.C. §1981, for which she seeks relief pursuant to 42 U.S.C. §1983.

12.

At all times pertinent hereto, Defendants were persons acting under color of state law within the meaning and intent of 42 U.S.C. §1983.

13.

At all times pertinent hereto, Defendants acted according to a policy or custom of the Town of Independence and violated Complainant's clearly established rights to be free of racial discrimination in the making and enforcing of contracts.  The Town of Independence had knowledge of, and ratified, these clear and obvious violations of Complainants civil rights.

## COUNT 2

14.

Through all of the conduct described herein, Defendants conspired to deprive Complainant of equal protection under the law, in violation of 42 U.S.C. §1985.

15.

Through all of the conduct described herein, Defendants are liable to Complainant for intentional infliction of emotional distress in violation of La. Civ. Code art. 2315 et seq. Defendants' actions constituted extreme and outrageous behavior, and was intended to and caused Complainant severe emotional distress. The Town of Independence is *respondeat superior* liable under Louisiana law for the unlawful conduct of its agents and employees described herein.

16.

Defendants have engaged in intentional discrimination and with malice and/or reckless indifference to the federally protected rights of Complainant, and thus are liable for punitive damages pursuant to 42 U.S.C. §1981 and 42 U.S.C. §1983.

17.

Complainant is entitled to and desires an award of attorney's fees and costs against Defendants pursuant to 42 U.S.C. §1988.

18.

Complainant is entitled to and seeks a trial by jury of this matter.

**PRAYER FOR RELIEF**

19.

As a result of the incidents sued upon herein, Complainant is entitled to and seeks all damages described herein, including but not limited to:

a) Severe emotional and mental anguish, anxiety, depression, humiliation, embarrassment and loss of enjoyment of life;

b) Past and future medical expenses;

c) Back pay, including wages and benefits;

d) Reinstatement, or in lieu thereof, front pay, including wages and benefits;

e) Punitive damages;

f) All costs and attorney's fees incurred in the prosecution of this matter; and

g) Interest from the date of judicial demand.

**WHEREFORE,** Complainant prays for trial by jury and after all legal delays and due proceedings are had, that judgment be rendered in Complainant's favor and against defendants, Town of Independence and Michael Ragusa, individually and in his capacity as the Mayor of the Town of Independence, for all such damages, including punitive damages, as are reasonable under the premises, lost wages and benefits, reinstatement, attorney's fees, all costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief to which Complainant is entitles at law or in equity.

6/26/14

*Patricia A. Morris* (signature)

Patricia A. Morris
P.O. Box 1125
10471 Pineland LN APT A
Amite, LA 70422
985-747-9488
985-517-4267

